IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2000 Session

## STATE OF TENNESSEE v. THOMAS LAWRENCE AND JOSEPH HATTON

**Appeal as of Right from the Criminal Court for Marshall County**
**Nos. 13937 & 14051     Charles Lee, Judge**

---

**No. M2000-00493-CCA-R3-CD - Filed December 29, 2000**

---

The appellant, Thomas Lawrence, was convicted by a jury in the Marshall County Criminal Court of one count of possession of cocaine with intent to sell, a class C felony, and one count of possession of drug paraphernalia, a class A misdemeanor.[1]  The trial court sentenced Lawrence, as a Range II offender, to eight years incarceration in the Tennessee Department of Correction for the possession of crack cocaine conviction and assessed a $2000 fine.  The trial court further sentenced Lawrence to eleven months incarceration in the Marshall County Jail for the possession of drug paraphernalia conviction.  The  trial court ordered Lawrence to serve these sentences concurrently. The appellant, Joseph Hatton, was convicted by a jury in the Marshall County Criminal Court of two counts of selling crack cocaine, a class C felony, one count of possession of crack cocaine with the intent to sell, a class C felony, and one count of possession of drug paraphernalia, a class A misdemeanor.  The trial court sentenced Hatton, as a Range I offender, to four years incarceration in the Tennessee Department of Correction for each sale of crack cocaine conviction and four years incarceration for the possession of crack cocaine with the intent to sell conviction.  The court assessed a total of $4250 in fines.  The trial court further ordered Hatton to serve his sentences for selling crack cocaine concurrently with each other but consecutive to the sentence for possession of crack cocaine with the intent to sell.

Lawrence raises the following issues for our review: (1) whether the evidence at trial was insufficient to support the verdicts of guilty beyond a reasonable doubt as to Lawrence's convictions of possession of cocaine with intent to sell and possession of drug paraphernalia; (2) whether the trial court erred in allowing the introduction of evidence regarding an alleged cocaine sale by Lawrence some hours prior to the execution of the search warrant; (3) whether it was error

---

[1]We note that the judgments convicting Hatton and Lawrence of possession of cocaine with intent to sell erroneously state that the possession is a class B felony. The appellants were charged with the possession of less than .5 grams of cocaine with the intent to sell in violation of Tenn. Code Ann. § 39-17-417 (a)(4) and (c)(2)(1997), a class C felony. Additionally, the judgments convicting Hatton and Lawrence of possession of drug paraphernalia erroneously state that the possession is a class E felony. The appellants were charged with the use of drug paraphernalia in violation of Tenn. Code Ann. § 39-17-326(a)(1), a class A misdemeanor.

for the court to allow testimony that "residue" was found on a table in the bathroom of the residence because its existence was irrelevant to the issue of possession of the .07 grams in the kitchen; (4) whether the trial court erred in not instructing the jury as to the unanimity of their verdict; and (5) whether the trial court erred in not charging the lesser-included offense of simple possession. Hatton raises the following issues for our review: (1) whether Hatton could be convicted on the basis of the uncorroborated testimony of a co-defendant; and (2) whether the evidence was sufficient to sustain a conviction for possession of drugs with intent to sell. Upon review of the record and the parties' briefs, we reverse in part and affirm as modified in part the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court is Reversed in Part and Affirmed as Modified in Part.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Thomas Lawrence.

William M. Haywood, Lewisburg, Tennessee, for the appellant, Joseph Hatton.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On May 6, 1999, Chris Summers, a cooperating individual working with the 17th Judicial District Drug Task Force (hereinafter "DTF"), went to Sammy Dukes' residence to buy crack cocaine, a schedule II controlled substance. The DTF equipped Summers with a recording device and made an audio tape of the exchange. Summers entered Dukes' residence and purchased $60 worth of crack cocaine from the appellant, Joseph Hatton, who was in Dukes' kitchen.

Subsequently, between noon and 2:00 p.m. on May 7, 1999, Summers returned to Dukes' residence. Summers witnessed the appellant, Thomas Lawrence, sell a $20 rock of crack cocaine to a white female. The crack cocaine came from a plastic baggie that was located on Lawrence's person and contained approximately 3.5-7.0 grams of crack cocaine. Summers again visited Dukes' residence later that same afternoon to purchase crack cocaine. Lawrence offered to sell Summers cocaine, but Summers refused, saying that he would only buy from Hatton. Summers made contact with Hatton and purchased $40 of crack cocaine. The crack cocaine came from a plastic baggie located in Hatton's pocket. The baggie contained at least two to four more grams of crack cocaine. Summers paid Hatton with two twenty-dollar bills whose serial numbers had been recorded by the police. The May 7, 1999, exchange between Summers and Hatton was also audio taped by the police.

Later that afternoon, the police executed a search warrant on Dukes' residence. Upon entering the residence, Assistant Director Shane Daugherty immediately went to the bathroom in the rear of the residence. Agent Daugherty opened the bathroom door and saw Lawrence, fully dressed with zipped and belted pants, facing the recently flushed toilet. Across from the toilet was a table on which Agent Daugherty saw a white powder residue similar to that left by crack cocaine. Lawrence's car keys, a razor blade, and $407 were also lying on the table. Agent Daugherty also located a glass vial, similar to a test tube or cigar holder, on the bathroom floor underneath the table.

Agent Tommy Biele entered Dukes' residence and headed for the kitchen. He found Hatton standing with his hands on the sink, looking out the kitchen window. A further search revealed that Hatton had $382 on his person, including the two twenty-dollar bills whose serial numbers the police had previously recorded. Located in a cabinet within arm's reach of Hatton, police also found a medicine bottle, bearing Dukes' name and containing .07 grams of crack cocaine. Additionally, police discovered another glass vial lying on the kitchen counter on the other side of Hatton. Dukes testified at trial that the residence and the medicine bottle belonged to him. However, Dukes repeatedly denied ownership of the crack cocaine found in the medicine bottle.

The appellant, Thomas Lawrence, was convicted by a jury in the Marshall County Criminal Court of one count of possession of cocaine with intent to sell, a class C felony, and one count of possession of drug paraphernalia, a class A misdemeanor. The trial court sentenced Lawrence, as a Range II offender, to eight years incarceration in the Tennessee Department of Correction for the possession of cocaine conviction and assessed a $2000 fine. The trial court further sentenced Lawrence to eleven months incarceration in the Marshall County Jail for the possession of drug paraphernalia conviction and ordered that Lawrence's sentences be served concurrently.

On appeal, Lawrence raises the following issues for our review: (1) whether the evidence at trial was insufficient to support the verdicts of guilty beyond a reasonable doubt as to Lawrence's convictions of possession of cocaine with intent to sell and possession of drug paraphernalia; (2) whether the trial court erred in allowing the introduction of evidence regarding a cocaine sale allegedly made by Lawrence some hours prior to the execution of the search warrant on Dukes' residence; (3) whether it was error for the court to allow testimony as that "residue" was found on the table in Dukes' bathroom because its existence was irrelevant to the issue of Lawrence's possession of the .07 grams in the kitchen; (4) whether the trial court erred in not instructing the jury as to the unanimity of their verdict regarding the several different places cocaine may have been found in Duke's residence; and (5) whether the trial court erred in not charging the lesser-included offense of simple possession.

The appellant, Joseph Hatton, was convicted by a jury in the Marshall County Criminal Court of two counts of selling cocaine, a class C felony, one count of possession of cocaine with the intent to sell, a class C felony, and one count of possession of drug paraphernalia, a class A misdemeanor. The trial court sentenced Hatton, as a Range I offender, to four years incarceration in the Tennessee Department of Correction for each sale of cocaine conviction and to four years incarceration for the possession of cocaine with the intent to sell conviction. The court assessed a

total of $4250 in fines. The trial court further ordered Hatton to serve his sentences for selling cocaine concurrently with each other, but consecutive to the sentence for possession of cocaine with the intent to sell. We are unable to determine from the judgment or the transcript of the sentencing hearing the sentence imposed by the trial court for the drug paraphernalia conviction.

On appeal, Hatton raises the following issues for our review: (1) whether Hatton could be convicted on the basis of the uncorroborated testimony of a co-defendant; and (2) whether the evidence was sufficient to sustain a conviction for possession of drugs with intent to sell.

## II. Analysis
### A. Admissibility of Evidence
#### 1. Prior Cocaine Sale

The appellant Lawrence argues that the trial court erred in allowing the introduction of evidence regarding a cocaine sale Lawrence allegedly made some hours prior to the execution of the search warrant at Dukes' residence. We disagree. Tenn. R. Evid. 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:
>
>> (1) The court upon request must hold a hearing outside the jury's presence;
>> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
>> (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Additionally, this court has previously stated that "[o]nly in an exceptional case will another crime, wrong, or bad act be relevant to an issue other than the accused's character. Such exceptional cases include identity, intent, motive, opportunity, or rebuttal of mistake or accident." State v. Luellen, 867 S.W.2d 736, 740 (Tenn. Crim. App. 1992). Furthermore, the court must find by clear and convincing evidence that the appellant committed the prior crime. State v. Stevenson, No. 03C01-9810-CR-00372, 2000 WL 66161, at *5 (Tenn. Crim. App. at Knoxville, January 27, 2000). The admissibility of evidence is a matter within the sound discretion of the trial court. State v. Blevins, 968 S.W.2d 888, 892 (Tenn. Crim. App. 1997). Finally, "[w]hen a trial court substantially complies with the procedural requirements of [Tenn. R. Evid. 404(b)], its determination will not be overturned absent an abuse of discretion." Stevenson, No. 03C01-9810-CR-00372, 2000 WL 66161, at *5.

The trial court held a jury out hearing on the admissibility of testimony by Summers concerning the prior drug sales by Lawrence that Summers had witnessed. The trial court determined that any drug sales made prior to May 7, 1999, would be too far removed in time for their probative value to outweigh their prejudicial effect. However, the trial court found that Lawrence's drug sale on May 7, 1999, would establish Lawrence's intent to sell the drugs, an element of the

-4-

crime with which Lawrence was charged. See State v. Tillery, No.01C01-9506-CC-00182, 1998 WL 148326, at *1 (Tenn. Crim. App. at Nashville, March 30, 1998),perm. to appeal denied, (Tenn.1998). Evidence concerning sales of crack cocaine by Lawrence at Dukes's residence on May 7, 1999, would indicate that the cocaine he possessed would be for sale instead of for his personal use. Specifically, the trial court stated, "[w]hat more evidence can there be of a person's intent on that day than what they did that day, which is different than what they did a month before, or perhaps even a week before." In this decision, we cannot say that the trial court abused its discretion. This issue is without merit.

### 2. Residue

Lawrence also contends that the trial court erred in admitting Agent Daugherty's testimony regarding the crack cocaine "residue" on the bathroom table. Lawrence claims that evidence of cocaine residue in the bathroom is not relevant in determining whether he possessed the .07 grams of cocaine found in a medicine bottle in Dukes' kitchen. Additionally, Lawrence alleges that the trial court should not have admitted Agent Daugherty's testimony that, when he first entered the bathroom, the appellant was standing, fully dressed, facing the recently flushed toilet. Lawrence argues that this evidence suggests that he was disposing of crack cocaine in the bathroom. Because there was no proof of crack cocaine in the bathroom, Lawrence contends that the evidence is entirely speculative in nature and should not have been admitted to prove ownership of the crack cocaine in the kitchen.

Tenn. R. Evid. 401 states, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Additionally, Tenn. R. Evid. 402 provides that, once evidence is deemed relevant, it is admissible unless excluded by another rule of evidence. We note initially, "[t]he standard of review where the decision of the trial judge is based on the relevance of the proffered evidence under Rules 401 and 402 is abuse of discretion." State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997)(footnotes omitted).[2]

Agent Daugherty testified that he has previously seen the residue left behind when crack cocaine is wiped off of a table and that the white residue he saw on the bathroom table looked exactly like the residue left by crack cocaine. Moreover, Agent Daugherty asserted that Lawrence was fully dressed in front of the toilet in the same bathroom where the suspected cocaine residue was found. There was no indication that Lawrence was in the bathroom taking care of any bodily functions. Additionally, the police discovered other items belonging to Lawrence on the table; i.e., a razor blade, car keys, and $407. Furthermore, Summers stated that on previous occasions he had seen Lawrence keep personal items on the bathroom table. Summers also asserted that he had seen Lawrence with crack cocaine earlier that day. That amount of crack cocaine was not discovered by the police. The police also found a glass vial containing possible crack cocaine residue in the bathroom where Lawrence was discovered. Therefore, the jury could conclude that Lawrence had

---

[2] Lawrence only challenges the relevance of the "residue" evidence; he does not challenge its potentially prejudicial effect.

possessed crack cocaine in the bathroom. This evidence is relevant to show Lawrence's possession of cocaine with intent to sell, knowledge of the presence of cocaine at the residence, and his actions in trying to conceal the evidence. See State v. Brown, 823 S.W.2d 576, 585 (Tenn. Crim. App. 1991).

### B. Sufficiency of the Evidence

Upon an appellant's challenge to the sufficiency of the evidence, this court must determine if any reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). Additionally, a guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). Moreover, although a guilty verdict may result from purely circumstantial evidence, in order to sustain the conviction the facts and circumstances of the offense "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the [appellant]." State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971).

Furthermore, the jury as the trier of fact, and not the appellate courts, resolves all questions concerning witness credibility and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990). Accordingly, on appeal, this court will grant the State the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, this court will not reweigh or reevaluate the evidence presented at trial. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Thus, on appeal, an appellant is cloaked with a presumption of guilt; therefore, the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

### 1. Possession of Cocaine with intent to sell

In order to sustain a conviction for possession of crack cocaine with intent to sell, the State needed to prove that the appellant(s) knowingly possessed a controlled substance (crack cocaine) with the intent to sell that controlled substance. Tenn. Code Ann. § 39-17-417(a)(4)(1997). Initially, we note that drug possession can be either actual or constructive. State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Furthermore, this court has stated that constructive possession is "'the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" Brown, 823 S.W.2d at 579(citation omitted). The presence of the accused in the area where drugs are found is not enough, standing alone, to sustain a conviction for drug possession. Id.

### a. Lawrence

The indictment against Lawrence charges him with the possession of .07 grams of crack cocaine with the intent to sell. The .07 grams refers to the amount of crack cocaine that police

discovered in a medicine bottle in Dukes' kitchen cabinet.[3]  Lawrence argues that there was insufficient evidence produced at trial to link him to the crack cocaine located in a medicine bottle in the kitchen.  We agree.

Lawrence was only a visitor at Dukes' residence; he did not live there.  Moreover, Lawrence was in the bathroom when the drugs were found in the kitchen.  The State's theory at trial was that Hatton sold drugs out of the kitchen, while Lawrence sold drugs out of the bathroom.  Additionally, Dukes testified that, although the medicine bottle was his, he did not own the crack cocaine contained in the medicine bottle.  However, although Lawrence had often sold crack cocaine at Dukes' residence, there was no proof that he knew the crack cocaine was in the medicine bottle in the kitchen cabinet or that he had any connection with the medicine bottle.  See State v. Jackson, No. M1998-00035-CCA-R3-CD, 2000 WL 549295, at *11 (Tenn. Crim. App. at Nashville, May 5, 2000).  We are unable to say that these facts exclude every other hypothesis except for Lawrence's guilt.  Crawford, 470 S.W.2d at 612.  Therefore, the evidence is insufficient as a matter of law to sustain Lawrence's conviction of the possession of .07 grams of crack cocaine with intent to sell.  See State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996).

### b.  Hatton

Hatton also argues that there was insufficient evidence to convict him of possession of .07 grams of crack cocaine with intent to sell.  We disagree.  The State's theory at trial was that Hatton conducted all of his drug deals in the kitchen.  Additionally, Hatton was found in the kitchen within arm's reach of the cabinet containing the medicine bottle with the crack cocaine inside.  Moreover, there was an empty vial containing possible crack cocaine residue discovered near Hatton in the kitchen.  This court has repeatedly stated that mere proximity is not enough to find an accused in constructive possession of drugs.  See State v. Jones, No. 02C01-9601-CC-00030, 1996 WL 629199, at *3 (Tenn. Crim. App. at Jackson, October 31, 1996)(finding that, where the only evidence of defendant's possession of drugs was his proximity to their location, that evidence was insufficient to establish constructive possession).  However, the State proved more than Hatton's proximity to the crack cocaine in the medicine bottle.  Summers testified that Hatton regularly sold crack cocaine in Dukes' kitchen.  Furthermore, Hatton's presence in the kitchen where he conducted all of his drug sales indicated his ability to reduce the crack cocaine in the medicine bottle to actual possession.  See Brown, 823 S.W.2d at 579. Additionally, there was no evidence at trial that Hatton possessed any drug paraphernalia for his personal use of the crack cocaine.  See State v. Brown, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995). This issue is without merit.

### 2.  Possession of Drug Paraphernalia

In order to convict the appellants of possession of drug paraphernalia, the State needed to prove that the appellants used or possessed with intent to use drug paraphernalia to

---

[3] Lawrence was not charged with the May 7, 1999, sale of crack cocaine witnessed by Summers.  He was only charged with the possession of the crack cocaine in the medicine bottle with the intent to sell.

> plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance.

Tenn. Code Ann. § 39-17-425(a)(1)(1997). Again, we note that possession can be actual or constructive. Cooper, 736 S.W.2d at 129.

### a. Lawrence

Dukes testified that he had witnessed both of the appellants "cook" crack cocaine in the glass vials. Additionally, Agent Daugherty stated that the glass vial discovered in the bathroom contained cocaine residue, and there were scrape marks on the inside of the vial consistent with those made when removing crack cocaine from the container. Furthermore, the vial was located on the floor in the bathroom where Lawrence's personal items were found. Thus, accrediting the State's theory that Lawrence conducted his drug deals from the bathroom, a jury could have reasonably found that Lawrence possessed the glass vial in order to cook crack cocaine. Cf. State v. Sanders, No. 1, 1990 WL 11637, at *2 (Tenn. Crim. App. at Jackson, February 14, 1990)(finding insufficient evidence to sustain a conviction when "[t]here was no evidence that [the defendant] ever touched, or had any connection, to these items, or had any intent to use them").

### b. Hatton

There is also sufficient evidence to convict Hatton of possession of drug paraphernalia. Dukes testified that he had witnessed the appellants cook crack cocaine in the glass vials on numerous occasions. Additionally, Dukes denied ownership of the glass vials. However, Hatton claims that he should not have been convicted upon the uncorroborated testimony of a co-defendant.

We conclude that there was sufficient evidence to corroborate Dukes' testimony. We note that an accused should not be convicted solely on the uncorroborated testimony of an accomplice, without evidence of some fact entirely independent of the accomplice's testimony suggesting the accused's guilt of the crime. State v. Copeland, 677 S.W.2d 471, 474 (Tenn. Crim. App. 1984). Furthermore, this court has stated:

> [T]he corroborative evidence may be direct or circumstantial. It need not be, of itself, sufficient to support a conviction. Slight circumstances may suffice. If the corroborating evidence fairly and legitimately tends to connect the accused with the commission of the crime charged, it satisfies the requirement of the rule on corroboration of an accomplice's testimony.

Id. at 475.

In the instant case, there is sufficient testimony to corroborate Dukes' testimony. Summers testified that both of the appellants were selling crack cocaine at Dukes' residence. Furthermore, Agent Daugherty asserted that there appeared to be crack cocaine residue in the vial discovered in the bathroom and stated that residue might be present in the vial located in the kitchen, but the vial was too wet to be certain. Moreover, a vial was discovered beside each of the appellants. We recognize that this evidence alone is insufficient to convict the appellants of possessing drug

paraphernalia. However, this evidence is sufficient to corroborate Dukes' testimony regarding the appellants' possession of the glass vials as drug paraphernalia.

Additionally, although the issue was not raised by either appellant, we note that the judgments convicting Hatton and Lawrence of possession of drug paraphernalia erroneously state that the possession is a class E felony. The appellants were charged with the use of drug paraphernalia in violation of Tenn. Code Ann. § 39-17-325(a)(1), a class A misdemeanor. Accordingly, the judgments must be corrected to accurately reflect the crime of which the appellants were convicted. Additionally, Hatton's judgment of conviction for possession of drug paraphernalia does not indicate the length of his sentence. Moreover, careful review of the transcript of Hatton's sentencing hearing does not resolve this issue. We also note the judgment on possession of cocaine with intent to sell erroneously reflects the offense to be a class B felony instead of class C felony. Therefore, this matter is remanded to the trial court for clarification regarding Hatton's sentence for possession of drug paraphernalia and an amended judgment reflecting a class C felony for possession with intent to sell.[4]

### III. Conclusion

Based upon the foregoing, we reverse Lawrence's conviction of possession of .07 grams of crack cocaine with intent to sell. Additionally, we affirm Hatton's conviction of possession of .07 grams of crack cocaine with intent to sell. Moreover, we affirm the convictions of Lawrence and Hatton of possession of drug paraphernalia but remand these cases to the trial court for correction of the judgments to reflect convictions of class A misdemeanors, to clarify the length of Hatton's sentence for possession of drug paraphernalia, and to amend Hatton's judgment to reflect a class C felony on the offenses of possession of less than .5 grams of cocaine with intent to sell.

_____
NORMA McGEE OGLE, JUDGE

---

[4] Because we reverse Lawrence's conviction for possession of cocaine with intent to sell, we deem it unnecessary to address his remaining issues.