# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 18, 2000 Session

## STATE OF TENNESSEE v. ERNEST E. PRIDE

**Appeal as of Right from the Criminal Court for Davidson County**
**No. 99-A-331     Seth Norman, Judge**

---

**No. M2000-00319-CCA-R3-CD - Filed January 11, 2001**

---

The appellant, Ernest E. Pride, was convicted by a jury in the Davidson County Criminal Court of one count of tampering with evidence, a class C felony; one count of possession of less than .5 grams of cocaine with the intent to sell, a class C felony; one count of simple possession of marijuana, a class A misdemeanor; one count of criminal trespass, a class C misdemeanor; one count of resisting arrest, a class B misdemeanor; and one count of unlawful possession of drug paraphernalia, a class A misdemeanor. The trial court sentenced the appellant, as a Range II offender, to the following terms of incarceration in the Tennessee Department of Correction: eight years for the tampering with evidence conviction, eight years for the possession of cocaine with intent to sell conviction, eleven months and twenty-nine days for the possession of marijuana conviction, thirty days for the criminal trespass conviction, and six months for the resisting arrest conviction. Additionally, the trial court ordered the appellant to serve all of the sentences concurrently. The trial court entered a verdict of not guilty for the possession of drug paraphernalia. The appellant raises the following issues for our review: (1) whether the evidence contained in the record is sufficient to support a finding by a rational trier of fact that the appellant is guilty beyond a reasonable doubt of possession of less than .5 grams of cocaine with intent to sell and tampering with the evidence as charged in the indictment; and (2) whether the trial court imposed excessive sentences for the convictions of tampering with evidence and possession of less than .5 grams of cocaine with intent to sell. Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

Ralph Newman and Jeffrey A. DeVasher, Nashville, Tennessee, for the appellant, Ernest E. Pride.

Paul G. Summers, Attorney General and Reporter, Russell S. Baldwin, Assistant Attorney General, and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual Background

On October 31, 1998, at 6:30 a.m., Officer Brian Tomblin and Sergeant Brion DeLap noticed the appellant, Ernest E. Pride, and three other individuals gathered around the appellant's car at the Edgehill housing project in Nashville. The officers were responding to several complaints about drug trafficking in the area. There were "no trespassing" signs around the area where the group was gathered. Officer Tomblin had worked in the area for three years and knew that none of the individuals lived in Edgehill. When the four individuals saw the officers, they immediately drove away.

The officers pursued the group and signaled to the appellant to pull his vehicle over to the side of the road. The appellant complied. Sgt. DeLap approached the vehicle on the driver's side and Office Tomblin approached on the passenger side. Sgt. DeLap asked the appellant for proof of driver's license and registration. The appellant reached for the glove compartment where, he stated, his driver's license was located. Both of the officers noticed that the appellant kept three of the fingers of his right hand closed in a fist, but he extended his thumb and index finger in order to open the glove compartment. When the appellant did so, the officers noticed several white, rock-like substances that appeared to be crack cocaine in the appellant's right hand.

Sgt. DeLap asked the appellant what was in his hand. The appellant put his hand to his mouth and shoved into his mouth all but one of the "rocks" contained in his hand. One of the "rocks" fell to the floor of the car. The officers pulled the appellant from the vehicle and ordered the appellant to spit out the substance. The appellant refused and kept his mouth closed. At some point, the appellant managed to swallow the rocks. The appellant struggled with the officers and submitted to arrest only after being subjected to pepper spray.

Officer Tomblin retrieved the fallen "rock" from the vehicle. He field tested a small portion of the substance and it tested positive for cocaine. Donna Flowers, a forensic chemist with the Tennessee Bureau of Investigation, confirmed that the substance was a .05 gram rock of crack cocaine.

A jury in the Davidson County Criminal Court convicted the appellant of one count of tampering with evidence, a class C felony; one count of possession of less than .5 grams of cocaine with the intent to sell, a class C felony; one count of simple possession of marijuana, a class A misdemeanor; one count of criminal trespass, a class C misdemeanor; one count of resisting arrest, a class B misdemeanor; and one count of unlawful possession of drug paraphernalia, a class A misdemeanor. The trial court sentenced the appellant, as a Range II offender, to the following terms of incarceration in the Tennessee Department of Correction: eight years for the tampering with evidence conviction, eight years for the possession of cocaine with intent to sell conviction, eleven months and twenty-nine days for the possession of marijuana conviction, thirty days for the criminal trespass conviction, and six months for the resisting arrest conviction. Additionally, the trial court ordered the appellant to serve all of the sentences concurrently. The trial court entered a verdict of not guilty for the possession of drug paraphernalia. On appeal, the appellant raises the following issues for our review: (1) whether the evidence contained in the record is sufficient to support a

finding by a rational trier of fact that the appellant is guilty beyond a reasonable doubt of possession of less than .5 grams of cocaine with intent to sell and tampering with the evidence as charged in the indictment; and (2) whether the trial court erred by imposing excessive sentences for the appellant's convictions of tampering with evidence and possession of less than .5 grams of cocaine with intent to sell.[1]

## II. Analysis
### A. Sufficiency of the Evidence

Initially, we note that the jury, as the trier of fact, resolves all questions concerning witness credibility and the weight and value to be given the evidence, as well as all factual issues raised by the evidence; this court makes no such determinations. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990). Accordingly, appellate courts will grant the State the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, we will not reweigh or reevaluate the evidence presented at trial. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). In contrast to the presumption of innocence an accused enjoys at trial, an appellant bears a presumption of guilt on appeal. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Therefore, the appellant carries the burden of demonstrating why the evidence adduced at trial is insufficient to support the jury's findings. Id.

To uphold the appellant's convictions, we must determine if any reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). Additionally, a jury may convict an accused based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, when a guilty verdict results from purely circumstantial evidence, the facts and circumstances of the offense "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the [appellant]." State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971).

In order to sustain a conviction of possession of crack cocaine with intent to sell, the State needed to prove that the appellant knowingly possessed a controlled substance, in this case crack cocaine, with the intent to sell that controlled substance. Tenn. Code Ann. § 39-17-417(a)(4)(1997). The State adduced proof at trial that the appellant did not live in the Edgehill housing projects. Nonetheless, the police observed the appellant and three others "hanging out" in the Edgehill area at 6:30 a.m. It was obvious to the police that the individuals were not there on any legitimate business. See State v. Head, No. 01C01-9806-CC-00263, 1999 WL 343910, at *3 (Tenn. Crim. App. at Nashville, June 1, 1999). Additionally, the police officers testified that Edgehill is a high drug trafficking area that the police had targeted because of complaints by neighbors. See State v. Brown, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995). Also, the appellant and the other individuals

---

[1] The appellant does not contest his convictions for simple possession of marijuana, criminal trespass, or resisting arrest, nor does he contest his sentences for those convictions.

left the area as soon as they noticed the police. Moreover, the police noticed six to ten white "rocks" in the appellant's hand. Furthermore, Officer Tomblin testified that all of the rocks, which appeared to be roughly the same size as the rock recovered, could be broken down into two or three additional rocks for resale. See Head, No.01C01-9806-CC-00263, 1999 WL 343910, at *3. Accordingly, the appellant had approximately .5 grams of crack cocaine in his hand before he swallowed some of the other rocks. Id. Also, no evidence of drug paraphernalia for the appellant's personal use of crack rocks was introduced at trial. See Brown, 915 S.W.2d at 8.[2]

However, the appellant argues that State v. Jones, No. 02C01-9601-CC-00030, 1996 WL 629199, at *3 (Tenn. Crim. App. at Jackson, October 31, 1996), is controlling in this instance. We disagree. Jones is distinguishable from the present case. In Jones, the defendant tried to swallow cocaine but was forced by the police to spit out the substance. This court opined that, because there was no evidence adduced at trial as to the significance of the amount of cocaine retrieved or testimony stating whether the amount seized would be appropriate solely for personal use or more likely for resale, the number of uses in the amount seized, or its worth, the defendant could not be convicted of possession of cocaine with intent to sell. Id. However, in the present case, Officer Tomblin testified that each of the rocks in the appellant's hand appeared to be a $20 rock. Additionally, Officer Tomblin testified that each rock could be cut into two or three smaller rocks for resale. Based upon all of the foregoing evidence, we conclude that a jury could reasonably find that the appellant possessed the crack cocaine with intent to sell. This issue is without merit.

Additionally, to convict the appellant of tampering with evidence, the State needed to establish that the appellant, knowing that an investigation or official proceeding was pending or in progress, altered, destroyed, or concealed any record, document, or thing with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. Tenn. Code Ann. § 39-16-503(a)(1)(1997). This court has stated, "[f]or something to be destroyed within the context of [Tenn. Code Ann.] § 39-16-503, its evidentiary value must be ruined." State v. Logan, 973 S.W.2d 279, 282 (Tenn. Crim. App. 1998). Officer Tomblin testified that all the rocks in the appellant's hand appeared to be approximately the same size, shape, and color. Furthermore, the officers stated that the substance appeared to be rocks of crack cocaine. In response to Sgt. DeLap's question regarding what was in the appellant's hand, the appellant quickly put his hand to his mouth, shoved all but one of the rocks inside, and would not open his mouth for the police. Both officers testified that the appellant's swallowing of the evidence hampered their investigation. Therefore, the jury could have reasonably found the appellant guilty of tampering with evidence.

## B. Sentencing

Our review of the length of the appellant's sentence is de novo. Tenn. Code Ann. § 40-35-401(d) (1997). However, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, we will grant the trial court's determinations a presumption of correctness. Id.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We consider the following factors in conducting our de novo review: (1) the evidence, if any,

---

[2] The appellant was indicted for the possession of rolling papers, used in the rolling of marijuana cigarettes.

received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also Ashby, 823 S.W.2d at 168. The appellant bears the burden of demonstrating the impropriety of his sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The appellant challenges the length of his sentences for possession of cocaine with intent to sell and tampering with evidence. We note that the trial court sentenced the appellant as a Range II multiple offender, and the appellant does not challenge the trial court's finding regarding the appropriate range. Because the record reveals that the appellant possesses two prior felony convictions, we conclude that the trial court properly sentenced the appellant as a Range II offender. Tenn. Code Ann. § 40-35-106(a)(1) & (c)(1997). As to the length of the sentences, both possession of cocaine with intent to sell and tampering with evidence are class C felonies. Tenn. Code Ann. § 39-17-417(c)(2), 39-16-503(b). Accordingly, the applicable sentencing range in this case was six to ten years. Tenn. Code Ann. § 40-35-112(b)(3)(1997). The trial court sentenced the appellant to eight years incarceration for possession of cocaine with intent to sell and eight years incarceration for tampering with evidence. Thus, the trial court sentenced the appellant at the midpoint of the applicable range.

In sentencing the appellant, the trial court conclusively applied the following enhancement factors: (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (13) the felony was committed while on any of the following forms of release status if such release is from a prior felony conviction: (A) bail, if the appellant is ultimately convicted of such prior felony; (B) parole; (C) probation; (D) work release; (E) any other type of release into the community under the direct or indirect supervision of the Department of Correction or local governmental authority. Tenn. Code Ann. § 40-35-114(1997).[3] Because the trial court made no findings of fact supporting his application of the enhancement factors, we will review the appellant's sentence de novo without a presumption of correctness. See State v. Carter, No. M1998-00798-CCA-R3-CD, 2000 WL 515930, at *10 (Tenn. Crim. App. at Nashville, April 27, 2000).

The appellant does not dispute the application of enhancement factor (1) or enhancement factor (13). Because the record reflects that the appellant has several misdemeanor convictions in addition to the two felony convictions placing him within Range II, we agree that the trial court correctly applied enhancement factor (1). Tenn. Code Ann. § 40-35-114. Additionally,

---

[3] The trial court made no specific findings on the record regarding why the enhancement factors apply to the appellant. The trial court simply stated, with regard to possession of cocaine with intent to sell and tampering with evidence, "The court finds that enhancement factors 1, 8, and 13 [apply]."

because the appellant admitted during the sentencing hearing that he committed the present offenses while on parole, we agree that enhancement factor (13) applies to the appellant. Id. However, the appellant argues that the trial court misapplied enhancement factor (8). The appellant maintains that he had no *previous* history of unwillingness to comply with the conditions of a sentence involving release in the community simply because he committed the present offense while on parole. We agree.

This court has stated that a violation of parole resulting in the current conviction is not evidence of a previous history of unwillingness to comply with the terms of release into the community. State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995). However, the appellant admitted at the sentencing hearing to using cocaine while on parole. See State v. Miller, No. 03C01-9606-CR-00241, 1997 WL 585749, at *3 (Tenn. Crim. App. at Knoxville, September 23, 1997). Moreover, the appellant admitted at the sentencing hearing that he had previously possessed cocaine while on bond for murder charges. See State v. Strickland, 885 S.W.2d 85, 89 (Tenn. Crim. App. 1993). These facts are sufficient to constitute a previous history of unwillingness. We conclude that the trial court correctly sentenced the appellant to eight years incarceration for his convictions of possession of cocaine with intent to sell and tampering with evidence. This issue is without merit.

### III.  Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-6-