**STATE of Tennessee, Appellee,**

v.

**James Anthony "King" BROWN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 25, 1995.

4

Jerri S. Bryant, Carter, Harrod & Cunningham, Athens, for appellant.

Charles W. Burson, Attorney General & Reporter, Christina S. Shevalier, Assistant Attorney General, Criminal Justice Division, Nashville, Jerry N. Estes, District Attorney General, Scott Kanavos and Sarah Bird, Asst. Dist. Attorneys General, Athens, for appellee.

## OPINION

SUMMERS, Judge.

The Criminal Court at McMinn County entered judgment on a jury verdict, finding appellant James Anthony "King" Brown (defendant) guilty of possessing cocaine with the intent to sell. Defendant appeals and presents the following issues for our review:

I. Whether the trial court erred in allowing a police officer to testify about a confidential informant's statement.

II. Whether the evidence is sufficient to sustain the conviction.

III. Whether the trial court properly permitted the state to strike the only African–American juror on the panel.

We respectfully reverse the judgment of the trial court.

Detective Bill Matthews of the Athens Police Department received a call from a confidential informant at approximately 4:30 p.m. on March 31, 1993. The informant advised Matthews that the defendant, otherwise known as King Brown, was in a black Hyundai and had an "eight-ball" of cocaine with him. Several hours later, Detective Matthews observed a black Hyundai stopped at a stop sign. Detective Matthews pulled his car in front of the defendant's car and informed other officers of his location. Seconds later, Officer Jackie Martin arrived. Detective Matthews testified that as he was securing the defendant he saw the passenger bend down in the seat and toss something out of the window of the defendant's car. While securing the passenger, Officer Martin noticed a white powder-like substance in two small clear plastic bags approximately one foot to a foot and one-half away from the defendant's car. One of the plastic bags contained .98 of a gram of cocaine and the other contained 4.08 grams of cocaine. The defendant owned the car. The defendant and the passenger were tried as co-defendants for possession of cocaine with intent to sell. No drugs were found on the defendant or the passenger. The defendant was convicted of possession of cocaine with intent to sell and the passenger was convicted of simple possession of cocaine.

**6**

## I.

The defendant argues that the trial court erred in allowing the state to introduce the statement of the confidential informant through the testimony of Detective Matthews. Prior to trial, defense counsel filed a motion in limine to prohibit Detective Matthews from testifying about the confidential informant's statement and a motion to suppress based on hearsay and the defendant's right to confrontation. The court denied the defendant's motions and allowed the testimony with curative instructions. Detective Matthews testified that a confidential informant told him that the defendant was in a 1993 black Hyundai and had an eight-ball of cocaine with him. The trial court instructed the jury to consider the confidential informant's statement only to explain why Detective Matthews stopped the defendant's car and not as proof of the defendant's guilt.

The trial court allowed the evidence, not for the truth of the matter asserted, but to explain Detective Matthews' actions. This Court approved of a police officer's testifying to an out of court statement to explain his actions in *State v. Miller*, 737 S.W.2d 556, 558–59 (Tenn.Crim.App.1987). The defendant in *Miller* was convicted of burglary third degree. *Id.* at 557. On appeal, the defendant argued that the trial court committed prejudicial error in allowing a police officer to testify that he was approached by individuals who told him that " 'they heard a loud—a loud noise over at the car lot, Eaton's car lot. And it sounded like, they stated, like someone was trying to break in.' " *Id.* at 558. The defendant objected based on hearsay and his state and federal constitutional right to confront his witnesses. The Court held that the evidence was not hearsay because it was offered to show the officer's reason for going to the car lot, and not for the truth of the matter asserted. *Id.* at 559.

*Miller* is distinguishable from the present case for two reasons. First, the substance of the testimony in *Miller* was not as detailed and incriminating as in the present case. The testimony in the present case clearly identifies the defendant and asserts that he has committed a crime. Second, the risk of unfair prejudice may not have been substan-

tial in *Miller*. *See Id.* Here, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Rule 403 of the Tennessee Rules of Evidence gives the trial court discretion to exclude evidence when its probative value is substantially outweighed by its prejudicial effect. The trial court should have excluded the evidence as given. The constitutionality of the stop, the search, the seizure, or the arrest was not at issue in this case. Police conduct or motive for their conduct was not at issue. The statement was not part of a transaction. The evidence of defendant's guilt is not overwhelming and the testimony directly links the defendant to the cocaine. Given this situation, allowing Detective Matthews to testify that "acting on a tip, he stopped the defendant" would have been sufficient to explain his actions.

Several courts have recognized that in most situations the details of information obtained through a confidential informant should not be admitted at trial. *See Harris v. State*, 544 So.2d 322, 323–25 (Fla.Dist.Ct. App.1989); *State v. Baird*, 572 So.2d 904, 907 (Fla.1990); *People v. Cameron*, 189 Ill. App.3d 998, 137 Ill.Dec. 505, 509–10, 546 N.E.2d 259, 263–64 (1989); *Moseley v. State*, 570 So.2d 719, 720–21 (Ala.Crim.App.1990); *Sanborn v. Commonwealth*, 754 S.W.2d 534, 541 (Ky.1988). The following excerpt from 2 John William Strong *McCormick On Evidence* Section 249 at 104 (4th ed. 1992) describes the problem with the type of statement involved in this case:

> In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct. His testimony that he acted 'upon information received,' or words to that effect, should be sufficient. Nevertheless, cases abound in which the officer is allowed to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports, on the ground that he was entitled to give information upon which he acted. The need for the evidence is slight, the likelihood of misuse is great.

■ The trial court erred in allowing Detective Matthews to testify to the substance of the confidential informant's statement because its probative value is substantially outweighed by the danger of unfair prejudice. We must next decide whether the error requires reversal. We will reverse a conviction only if it affirmatively appears from the record that the error more probably than not affected the judgment. T.R.A.P. 36(b). The evidence connecting the defendant with the cocaine in this case was not overwhelming. The defendant was driving in an area known for drug transactions. The defendant owned and drove the car out of which Detective Matthews saw the passenger toss the bags of cocaine. The cocaine was found near the defendant's car. The defendant, however, testified that he did not have any cocaine nor did he intend to sell any cocaine. The passenger did not testify. The police did not find drugs, drug paraphernalia, weapons, or a significant amount of money in the defendant's car or in the defendant's or the passenger's possession. The defendant did not appear to be high. Given the proof, Detective Matthews' testimony more probably than not affected the judgment of the trial court. We therefore reverse the defendant's judgment of conviction and remand for a new trial.

For purposes of further appeal, we address the remaining issues.

## II.

■ The defendant contends that the evidence is insufficient to sustain his conviction. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace,* 493 S.W.2d 474, 476

(Tenn.1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

■ Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn. 1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn.1984); *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App.1978).

■ Specifically, defendant argues that the state introduced "absolutely" no proof that defendant possessed any cocaine, either actually or constructively, and no evidence of intent to sell. Although the evidence in this case is circumstantial, the jury could have found the elements of the offense beyond a reasonable doubt. To convict the defendant, the state was required to prove (1) knowing (2) possession (3) with intent to sell. T.C.A. § 39–17–417(a)(4) (1991 & Supp.1994). Proof that a possession is knowing will usually depend on inference and circumstantial evidence. *United States v. Pierre,* 932 F.2d 377, 392 (5th Cir.1991). Knowledge may be inferred from control over the vehicle in which the contraband is secreted. *Id.* Possession of a controlled substance can be based on either actual or constructive possession. *State v. Brown,* 823 S.W.2d 576, 579 (Tenn.Crim.App.1991). The state may establish constructive possession by demonstrating that the defendant has the power and intention to exercise dominion and control over the controlled substance either directly or through others. *Id.* In essence, constructive possession is the ability to reduce an object to actual possession. *Id.* The jury could have found the first two elements by inference from the defendant's ownership of the car, Detective Matthews' testimony that he saw the passenger toss something out of the car, and the two bags of cocaine found close to the defendant's car. The defendant

contends that mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. *See Harris v. Blackburn*, 646 F.2d 904, 906 (5th Cir.1981). The defendant also contends that mere association with a person who does in fact control the drugs or the property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs. *See Whited v. State*, 483 S.W.2d 594 (Tenn. Crim.App.1972). The defendant was more than merely present in the area where the cocaine was found and more than just associated with the passenger who tossed the cocaine. The defendant owned the car out of which the passenger tossed the cocaine; he knew the passenger and he was in an area known for drug transactions.

The defendant also argues that the evidence is insufficient to establish intent to sell. The following circumstantial evidence is sufficient evidence to sustain the jury verdict. The defendant was driving in an area known for drug transactions. The amount of cocaine and the manner in which it was packaged supported an inference of intent to sell as opposed to personal use. No drug paraphernalia was found and the defendant did not appear to be high, further suggesting an intent to sell rather than an intent to use. Although there may be circumstantial evidence to the contrary, the jury rejected it.

### III.

■■■■ The defendant contends that the trial court erred in permitting the state to strike the only African-American juror on the panel. The defendant has failed to establish a prima facie case of purposeful discrimination on the part of the state in the exercise of its peremptory challenges. In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the equal protection clause forbids the prosecutor from challenging potential jurors solely on account of their race. *Id.* at 89, 106 S.Ct. at 1719. To establish a prima facie *Batson* claim, the defendant must show that 1) he or she is a member of a cognizable racial group and that the prosecutor has exercised a peremptory challenge to remove members of the defendant's race from the venire; 2) the defendant is entitled to rely on the fact as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate; and 3) the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the jury on account of their race. *Id.* at 96, 106 S.Ct. at 1723. Defendant's argument that there exists a prima facie case of unconstitutional racial discrimination rests solely on the exclusion of the only black potential juror from the panel. Numbers alone do not establish a prima facie case of discrimination. *United States v. Temple*, 890 F.2d 1043, 1045–46 (8th Cir.1989). The defendant has presented no other facts or circumstances leading to an inference of discrimination. Furthermore, the state had a neutral and acceptable explanation for striking the potential juror. The state challenged the juror based on information that she was the mother of a known drug dealer. Accordingly, this issue is without merit.

**REVERSED AND REMANDED.**

HAYES and BARKER, JJ., concur.