# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1998 SESSION

FILED

December 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9801-CC-00026** |
| Appellee, | ) | |
| | ) | **FAYETTE COUNTY** |
| VS. | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **JOHNNY BENARD JONES and** | ) | **JUDGE** |
| **CLIFTON LAVERN MITCHELL,** | ) | |
| | ) | (Possession of Cocaine with Intent to |
| Appellants. | ) | Sell and Possession of Marijuana) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


**ANDREW JOHNSTON**                    **JOHN KNOX WALKUP**
108 East Court Square                 Attorney General & Reporter
Somerville, TN  38068
   (For Defendant Jones)              **GEORGIA BLYTHE FELNER**
                                      Asst. Attorney General
**C. MICHAEL ROBBINS**                 John Sevier Bldg.
46 North Third St., Suite 719         425 Fifth Ave., North
Memphis, TN  38103                    Nashville, TN  37243-0493
   (For Defendant Mitchell on Appeal)

                                      **ELIZABETH T. RICE**
**GARY ANTRICAN**                      District Attorney General
District Public Defender              302 Market St.
                                      Somerville, TN  38068
**SHANA McCOY-JOHNSON**
Asst. District Public Defender
P.O. Box 700
Somerville, TN  38068
   (For Defendant Mitchell at Trial)


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

## O P I N I O N

A jury found the defendants guilty of possession of cocaine (over 26 grams) with intent to sell and possession of marijuana. Following a sentencing hearing, each defendant was sentenced as a Range II multiple offender to twenty years incarceration on the cocaine offense and a concurrent term of eleven months, twenty-nine days incarceration at 75% on the marijuana offense. The defendants now appeal, arguing that the evidence is insufficient to establish knowing possession of the controlled substances. Defendant Jones raises two additional arguments for review, i.e., that the trial court erred in denying his motion to sever and that his sentence is excessive. Finding no merit to the defendants' arguments, we affirm.

On the evening of April 22, 1997, Officer Dan Feathers of the Somerville Police Department stopped defendant Jones for speeding. Defendant Mitchell was a passenger in the front seat. Officer Feathers noticed digital scales removed from the packaging and placed near a box and paper sack in the backseat of the car, which belonged to Jones' wife. After issuing Jones a warning citation, Officer Feathers requested Jones' permission to search the car. Jones told Officer Feathers there was nothing illegal in the car, but he gave the officer verbal and written permission to search it. With the aid of a drug-sniffing dog, a white package containing 52.8 grams of cocaine was found hidden behind the glove box and was confiscated. Neither defendant was in a position from which they could have seen where the cocaine was found. The digital scales, and the packaging in which the scales are shipped and sold, were also confiscated. When asked about the digital scales, the packaging of which still had a price tag of one hundred thirty-nine dollars and ninety-nine cents ($139.99) attached, Jones replied that earlier that day in Memphis, he had purchased them "for his wife's cooking."

2

When Officer Feathers asked Mitchell where he had been that day, he replied he had been at his sister's house. According to Officer Feathers, digital scales are the most accurate method of weighing cocaine for re-sale.

Both defendants were placed under arrest and transported to the police station. Once there, Jones did not make a statement. Mitchell, however, waived his rights and spoke with the officers. When asked whether there were additional illegal items in the car, Mitchell replied that there was some marijuana "at the same place" where the cocaine was found. Based on this information, 4.1 grams of marijuana was found hidden behind the glove box. From Jones' person, the police confiscated two hundred dollars ($200) in cash and a pager. From Mitchell, the police confiscated four hundred eleven dollars ($411), two hundred of which was located in the toe of his shoe, and a pager. At the time of the arrest, Mitchell told Officer Feathers he was unemployed. While Jones told Officer Feathers he was employed at the time, Officer Feathers testified he had not known Jones to hold steady employment during the four years he had been acquainted with him.

The defendants first argue that the evidence was insufficient to establish a knowing possession of the controlled substances, as required by T.C.A. § 39-17-417(a)(4) and T.C.A. § 39-17-418(a). Both contend that neither of them had actual possession of the drugs. Rather predictably, however, each points the finger at the other, claiming his codefendant had constructive possession of the drugs.

Constructive possession is the ability to gain actual possession over an object. State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996)(quoting State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987)). Jones was driving his wife's

3

car, in which the drugs were found secreted behind the glove box. Because "[k]nowledge may be inferred from control over the vehicle in which the contraband is secreted," the evidence was sufficient to establish that Jones knowingly possessed the drugs. State v. Brown, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995)(citation omitted); see State v. Boyd, 925 S.W.2d 237 (Tenn. Crim. App. 1995)(evidence sufficient to establish knowing possession where drugs were found in the vehicle driven by the defendant and no explanation was offered for the presence of the drugs). Likewise, Mitchell's knowledge of where the cocaine and marijuana were hidden, even though he did not see from where in the car the drugs were recovered, creates the inference that he had the ability to gain actual possession over the drugs, which establishes constructive possession. See Transou, 928 S.W.2d at 956.

Moreover, both defendants were carrying on their person several hundred dollars in cash (part of which Mitchell had hidden in his shoe) and pagers. Possession of a pager and a large amount of cash simultaneously with a large amount of a controlled substance may be sufficient circumstances from which the factfinder could infer that the defendant intended to sell the controlled substance. E.g., State v. Vada Allen Branch, No. 02C01-9706-CC-00224, Dyer County (Tenn. Crim. App. filed July 1, 1998, at Jackson); see T.C.A. § 39-17-419 ("It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing."). By proving that the defendants possessed drugs they intended to sell, the State necessarily proved knowing possession. See T.C.A. § 39-11-301(a)(2) ("intentional" includes "knowing"). See generally State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993)("By alleging that the defendant possessed cocaine which he intended to sell, the indictment necessarily implied that it

4

was a knowing possession."). The evidence is sufficient to sustain the defendants' convictions.

Defendant Mitchell presents no other issues for review. Defendant Jones, however, presents two more issues, the first of which pertains to the trial court's denial of his motion to sever. Jones contends that after they were arrested, Mitchell wrote him several letters that implicate he, not Jones, possessed the drugs found in the car. He argues the only way these letters, which are relevant and material to proving his innocence, could have been introduced into evidence is if his trial had been severed from Mitchell's so that he could have called Mitchell to the witness stand. Without a severance, Jones contends, he was denied his right of confrontation and thus denied a fair trial.

Defendant Jones had the duty to prepare an adequate record in order to allow meaningful review of this issue. T.R.A.P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Because the record does not contain the letters, without which we cannot determine their relevance or materiality and thus cannot determine whether Jones was denied a fair trial, we are precluded from considering the issue. Id. Even so, and even assuming that the letters were as relevant and as material as Jones claims they were, he has not shown how the trial court abused its discretion in denying his motion to sever. Jones contends he would have received a fair trial only if his motion to sever would have been granted and Mitchell would have gone to trial prior to his trial so he could have called him as a witness. Even if that would have happened, however, and Mitchell would have been convicted, the record reflects that he would have appealed his conviction and invoked his Fifth Amendment privilege against self-incrimination, thus still making him unavailable to

5

testify at Jones' trial.  Jones has simply failed to prove how he was clearly prejudiced by the trial court's decision to proceed with a joint trial in this case.  See State v. Hutchison, 898 S.W.2d 161, 166 (Tenn. 1994);  State v. Wiseman, 643 S.W.2d 354, 362 (Tenn. Crim. App. 1982).

Finally, Jones argues he received an excessive sentence.  At the sentencing hearing, neither Jones nor the State presented any evidence other than the presentence report.  Jones stipulated to the information in the presentence report, with the exception of the suggestion that he was on release at the time of this crime, which was false.  Based on the information before it, the trial court specifically found two enhancing factors, i.e., that Jones has a prior history of criminal behavior and an unwillingness to comply with sentences involving release in the community.  See T.C.A. § 40-35-114(1), (8).  As a mitigating factor, the trial court found that his conduct neither caused nor threatened serious bodily injury.  See T.C.A. § 40-35-113(1). Finding that the enhancing factors outweighed the mitigating factor and that Jones was a multiple offender, the trial court sentenced him to twenty years incarceration for possession of cocaine with intent to sell and eleven months, twenty-nine days for simple possession of marijuana.  The record supports this sentence.

Jones complains that the trial court relied on nothing other than the presentence report in sentencing him.  Contrary to Jones' argument, this is insignificant. In sentencing a defendant, the trial court is required to consider the presentence report. T.C.A. § 40-35-210(b)(2).  While Jones had the right to call witnesses to testify at the sentencing hearing on his behalf or to challenge the information contained in the presentence report, T.C.A. § 40-35-209(b), he did not do so.  Absent a challenge to the presentence report (besides correctly asserting he was not on release status at the time

6

of his arrest) and absent any attempt to present evidence other than the presentence report, Jones cannot complain that the trial court considered the only evidence presented to it.

Jones also complains, without citation to authority, that the trial court did not find his unwillingness to comply with terms of release to be a "frequent" or a "recent" problem. However, the trial court need not make such findings in order to justify the enhancement of a sentence under T.C.A. § 40-35-114(8).

Moreover, Jones argues that because the trial court failed to state in the sentencing order that he was a Range II multiple offender, he must be sentenced as a Range I standard offender. Jones' argument is based on a false premise, however, as the sentencing order clearly refers to an eligibility release percentage of 35%, which corresponds to the eligibility release percentage for Range II multiple offenders found in T.C.A. § 40-35-501(d). Even so, there can be no mistake that the trial court intended to sentence Jones as a Range II multiple offender, as the transcript of the sentencing hearing and the written judgment specifically reflect.

Further, Jones complains of a discrepancy between the sentencing order, which states no mitigating factors were found, and the sentencing hearing transcript, which reflects a specific finding of one mitigating factor. He argues that since one mitigating factor applies but was not mentioned in the sentencing order, his sentence should be reduced to reflect the weight of the mitigating factor. His argument lacks merit, however, as it is apparent from the sentencing hearing transcript that the trial court took into account the applicable mitigating factor but specifically determined it was outweighed by the two enhancing factors. Moreover, whatever is reflected in the sentencing hearing

transcript will control over what is reflected in the sentencing order. <u>See</u> <u>State v. Zyla</u>, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981)(where transcript and court minutes conflict, transcript controls); <u>State v. Michael Berry</u>, No. 03C01-9601-CR-0-00028, Sullivan County (Tenn. Crim. App. filed October 10, 1997, at Knoxville)(where transcript and written court records conflict, transcript controls); <u>State v. Michael Wilson</u>, 01C01-9602-CC-00073, Putnam County (Tenn. Crim. App. filed July 31, 1997, at Nashville)(where judgment forms conflict with transcript, transcript controls).

In short, the record supports the imposed sentence and Jones has not shown otherwise. Thus, his claim that his sentence is excessive must fail.

Finding no merit in any of the issues presented by defendants Jones and Mitchell, their convictions and sentences are affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
L. T. LAFFERTY, Senior Judge