IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

## STATE OF TENNESSEE v. RONALD KILLEBREW

**Direct Appeal from the Criminal Court for Shelby County
No. 01-00603    Chris Craft, Judge**

---

**No. W2003-02008-CCA-R3-CD  - Filed May 26, 2004**

---

The Appellant, Ronald Killebrew, was convicted of being a felon in possession of a handgun, a class E felony, following a jury trial. The trial court sentenced Killebrew, as a Range II multiple offender, to three years and six months in the Shelby County Workhouse. On appeal, Killebrew raises the single issue of whether the evidence was sufficient to support the verdict. After review of the record, we affirm the conviction.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**.

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, J.J., joined.

Robert Wilson Jones, Public Defender; Tony N. Brayton, Assistant Public Defender (on appeal); Mary K. Kent, Assistant Public Defender (at trial), Memphis, Tennessee, for the Appellant, Ronald Killebrew.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth T. Ryan, Senior Counsel, William L. Gibbons, District Attorney General; and Stephen Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

Around midnight on August 25, 2000, Officers Chester R. Striplin and Mavrick Gibbs of the Memphis Police Department responded to a call at the Bluff City Barbecue located on Park Avenue in Memphis. When they arrived, there were approximately fifteen to twenty people present in the parking lot. After identifying and speaking with the individual who placed the call, the officers were directed toward the Appellant and began looking for a black handgun. Upon approaching the Appellant, the officers observed that the Appellant "had slurred speech, bloodshot eyes, [and] had a strong [odor] of intoxicating beverage on his person." Initially, the officers did a "pat down"

search of the Appellant and the surrounding area. After finding no weapon, the officers spoke with bystanders at the scene and were led to the Appellant's vehicle. The Appellant consented to a search of his vehicle, and Officer Gibbs found a black nine-millimeter handgun under the front passenger seat. When the officers discovered the gun it contained one live round in the chamber, "ready to fire," and seven other live rounds loaded in the magazine. Officer Gibbs then showed the complainant the weapon, and the weapon was taken into evidence. The Appellant was thereafter arrested.

The Appellant's wife, Zelegamia Killebrew, testified that, prior to August 24th, she purchased the weapon for "protection" and placed it in their car "[t]he day before the incident." According to Mrs. Killebrew, the vehicle was used jointly by the couple, and the Appellant had no knowledge that the gun was inside the car. The Appellant testified in his own defense at trial and denied any knowledge of the weapon being inside the vehicle.

On January 23, 2001, the Appellant, who had previously been convicted of robbery with a deadly weapon, was indicted for felony possession of a handgun. After a trial by jury, he was convicted as charged on May 16, 2003. Following a sentencing hearing, the trial court sentenced the Appellant to three years and six months in the County Workhouse. The Appellant filed a motion for new trial, which was denied, and this timely appeal followed.

## ANALYSIS

On appeal, the Appellant argues that the evidence is insufficient to support his conviction. Specifically, he contends that "the State . . . failed to introduce sufficient evidence to prove [the] Appellant possessed a handgun. . . . [M]ere ownership alone is insufficient to prove constructive possession of any contraband. . . . Furthermore, the evidence does not show that [the] Appellant had the means, ability or the intent to reduce the handgun to actual possession."

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of

both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The Appellant was convicted under Tennessee Code Annotated section 39-17-1307 (2003) of being a felon in possession of a handgun. In this case, the State was required to prove that (1) the Appellant possessed a handgun and (2) was previously "convicted of a felony involving the use or attempted use of force, violence or a deadly weapon." Tenn. Code Ann. § 39-17-1307 (b)(1)(A).

There is no dispute that the Appellant was convicted of robbery with a deadly weapon in 1987. The only issue is whether the Appellant was in possession of the handgun. "Possession" may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). Constructive possession requires proof that a person had "the power and intention at a given time to exercise dominion and control over [the weapon] either directly or through others." *Id.* (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). In essence, constructive possession is the ability to reduce an object to actual possession. *State v. Brown*, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995).

The evidence presented at trial showed that Memphis police officers responded to a call at the Bluff City Barbecue. Upon arrival, there were fifteen to twenty people present in the parking lot. The police spoke with the complainant. The officers were informed that they were searching for a black handgun and were directed towards the Appellant, who appeared to be intoxicated. When the officers could not locate a weapon on the Appellant's person or in the general area, they asked bystanders at the scene for assistance. They were led to the Appellant's vehicle, which the Appellant admitted belonged to him. After the Appellant consented to a search of his vehicle, Officer Gibbs found a black nine-millimeter handgun under the front passenger seat. Upon release of the safety the weapon was "ready to fire," as it had one live round in the chamber and seven other live rounds in the magazine.

The jury obviously rejected, as was their prerogative, the testimony of the Appellant and his wife that she purchased the handgun for "protection" and placed it inside the vehicle without the Appellant's knowledge. Although the wife testified that she purchased the weapon at a pawn shop, she offered no proof of ownership, she could not recall where she bought the ammunition or how many bullets she loaded into the gun, or whether she had "cock[ed] the gun" before putting it into the vehicle the day before the incident. A verdict of guilty accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. *Cazes*, 875 S.W.2d at 259; *Harris*, 839 S.W.2d at 75. Elements of possession for purposes of constructive possession are questions of fact for the jury and are rarely susceptible to direct proof. While the Appellant is correct in his assertion that ownership alone does not indicate that one is in constructive possession of contraband inside a vehicle, the evidence at trial was sufficient for a jury to conclude that the Appellant had the power and intention to exercise dominion and control over the weapon. *Shaw*, 37 S.W.3d at 903 n.3.

The Appellant has had his day in court and this court will not and cannot substitute its judgment for that of the finder of fact and arbiter of credibility. *Cabbage*, 571 S.W.2d at 835. We conclude that this circumstantial evidence establishes that the Appellant was in constructive possession of the gun. Taken in the light most favorable to the State, the evidence was sufficient for a rational trier of fact to have found the Appellant guilty beyond a reasonable doubt.

## CONCLUSION

Based upon the foregoing, we conclude that the evidence is legally sufficient to support the Appellant's conviction for being a felon in possession of a handgun. Accordingly, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE