IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2004

## STATE OF TENNESSEE v. ROSENDO REYNA

**Appeal from the Criminal Court for Shelby County**
**No. 03-06586      Bernie Weinman, Judge**

---

**No. W2004-00365-CCA-R3-CD  - Filed November 30, 2004**

---

The Appellant, Rosendo Reyna, appeals his convictions for multiple felony drug offenses by a Shelby County jury.  On appeal, Reyna raises the single issue of whether the evidence is sufficient to support his convictions.  After review, we find the evidence sufficient.  Accordingly, the judgments of conviction are affirmed.  However, because the record reflects that the offenses were not properly merged, we remand for merger and entry of corrected judgments.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed;**
**Remanded for Merger of Offenses and Entry of Corrected Judgments**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

W. Mark Ward (on appeal); Debra Antoine and Karen Massey (at trial), Assistant Public Defenders, Memphis, Tennessee, for the Appellant, Rosendo Reyna.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; and Robert Carter and Valerie Smith, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On May 31, 2003, the Appellant was traveling on I-40 in Memphis when he was stopped for speeding by officers of the West Tennessee Drug Task Force.  Upon approaching the Appellant's 1996 Geo Metro, the officers noticed a strong odor of fabric softener, which is often used to mask the scent of illegal drugs.  The officers also observed that the Appellant was extremely nervous and that his hands were visibly shaking. The vehicle displayed an Ohio "temporary tag," however, the Appellant possessed a Texas driver's license, which was expired.  The Appellant explained that he was en route to Ohio after visiting family in Houston, Texas.  He further stated that he had only

recently purchased the car in Ohio. Following the officers' request, the Appellant granted permission to search his car. A K-9 unit was called in to assist with the search, and the dog immediately indicated the presence of drugs in the car.

Upon searching, officers found four suspicious packages wrapped in fabric softener sheets and sealed in plastic in the driver's side rear-quarter panel of the car. One package contained 2.8 pounds of powdered cocaine, and the remaining three packages contained approximately three pounds of marijuana.

On September 18, 2003, a Shelby County grand jury returned a four-count indictment charging the Appellant with: (1) possession of over 300 grams of cocaine with the intent to sell; (2) possession of over 300 grams of cocaine with the intent to deliver; (3) possession of over .5 ounces of marijuana with the intent to sell; and (4) possession of over .5 ounces of marijuana with the intent to deliver. At trial, the Appellant denied any knowledge of the drugs in his car. The jury convicted the Appellant on all four counts as indicted. At the sentencing hearing, the trial court imposed eighteen-year sentences for each of the two class A felony cocaine convictions and two-year sentences for each marijuana class E felony conviction. The sentences were ordered to be served concurrently. The trial court advised that the alternatively indicted drug convictions would be merged to reflect a single conviction for felony possession of cocaine and a single conviction for felony possession of marijuana. However, the record indicates that all four judgments of conviction were entered notwithstanding the notation of "merger" on the judgment documents. Accordingly, for Department of Correction purposes, the Appellant is now serving sentences for four convictions from Shelby County. As such, it is necessary that we remand to the trial court for proper merger so as to reflect one felony cocaine conviction and one felony marijuana conviction. *See State v. Cedarius Robertson*, W1999-01872-CCA-R3-CD (Tenn. Crim. App. at Jackson, December 1, 2000), *perm. to appeal denied* (Tenn. 2001).

**Analysis**

On appeal, the Appellant challenges the jury's verdict finding him guilty of felony possession of controlled substances. When an appellant challenges the sufficiency of the evidence, this court must determine "whether, after viewing the evidence in the light most favorable to the [State], any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of facts. *State v. Gentry*, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). A jury verdict for the State accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, guilty

verdicts remove the presumption of innocence enjoyed by defendants at trial and replace it with a presumption of guilt. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this court why the evidence is insufficient to support the verdict. *State v. Freeman*, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

Specifically, the Appellant argues that the evidence is insufficient under *Jackson v. Virginia* to justify a rational trier of fact in finding him guilty of the offenses beyond a reasonable doubt. *Jackson v. Virginia* addresses two important aspects of a sufficiency review: (1) the manner of review of the convicting evidence and (2) the standard of review for legal sufficiency. The scope of our examination of the evidence is not equivalent to that of a jury. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. We emphasize that our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible, or non-credible proof, as these issues are resolved solely by the jury. Rather, we look to the record to determine whether there was substantive probative evidence to support the verdict. The second inquiry, the question of legal sufficiency, then follows: whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt. Every reasonable hypothesis of innocence need not be dispelled; it is only necessary that there exists proof which supports the elements of the crime.

The Appellant was convicted under Tennessee Code Annotated section 39-17-417(a)(4) (2003), which provides that it is an offense for a person to knowingly "[p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." The Appellant was convicted of possessing both with the intent to sell and with the intent to deliver over 300 grams of cocaine, a class A felony, and of possessing with the intent to sell and with the intent to deliver over .5 ounces of marijuana, a class E felony.

The Appellant contends that the proof is insufficient to establish that he knowingly possessed the illegal drugs which were found in his car. The element of knowledge of the presence of a controlled substance for purpose of unlawful possession is oftentimes not susceptible of direct proof. *See State v. Tim D. Gardner*, No. M2001-01436-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 20, 2003), *perm. to appeal denied* (Tenn. 2003). Knowledge of the presence of illegal drugs may be circumstantially proved by evidence of acts, statements, or conduct, which would allow an inference that a defendant was in control of the premises and was aware of the presence of drugs on the premises. *Id*. However, it is the question of possession, as opposed to control over the premises, which determines guilt, as a person may be in possession of drugs and not be in control of the premises where the drugs are located. Nonetheless, as above observed, proof that a defendant had control over the place where the drugs were found permits an inference of knowledge and control of the drugs. *State v. Brown*, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995) (holding that defendant's control and ownership of vehicle supported inference that defendant possessed drugs found in vehicle). Whether a defendant had knowledge and control of illegal drugs are questions of fact to be determined by the jury. It is well established that a conviction for possession of illegal drugs may be based upon either actual or constructive possession. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn.

Crim. App. 1987).[1] After review, we conclude that the facts of this case demonstrate the Appellant's actual possession of the illegal drugs.

At trial, the proof established that the Appellant was the owner and operator of the vehicle at the time of the stop. No other occupants were in the car. A strong odor of fabric softener, which is commonly used to mask the scent of illicit drugs, permeated the vehicle's interior. Although the Appellant was in the business of buying and selling vehicles, he stated he did not inspect this vehicle prior to its purchase. On the date of his arrest, the Appellant had been living in Akron, Ohio, however, he did not know his home address. The illegal drugs were located in the rear quarter panel of the car which was easily accessible from the car's interior. The street value of the Appellant's approximate three pounds of marijuana was valued at $600-$800, while the 2.8 pounds of cocaine had an estimated value of approximately $200,000. Based upon these facts, a rational jury could have concluded that the Appellant knowingly possessed marijuana and cocaine with the intent to sell and deliver.

## CONCLUSION

In sum, we conclude that the evidence in this case, taken as a whole and in the light most favorable to the State, was legally sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the Appellant was guilty of the crimes for which he was convicted. Accordingly, the judgments of conviction are affirmed, and this case is remanded for merger of the alternatively indicted drug convictions consistent with this opinion.

_____
DAVID G. HAYES, JUDGE

---

[1] The State may establish constructive possession by demonstrating that the defendant has the power and intention to exercise dominion and control over the controlled substance either directly or through others. In essence, constructive possession is the ability to reduce an object to actual possession. *Brown*, 915 S.W.2d at 7 (internal citations omitted).