IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 6, 2021

**STATE OF TENNESSEE v. GREGORY GILLIAM**

**Appeal from the Criminal Court for Shelby County**
**No. 17-03230          Chris Craft, Judge**

_____

**No. W2020-00203-CCA-R3-CD**
_____

A Shelby County jury convicted the Defendant, Gregory Gilliam, of four counts of possession of a controlled substance with intent to sell or deliver and one count of being a felon in possession of a firearm.  The trial court sentenced the Defendant to an effective sentence of forty-two years.  On appeal, the Defendant contends that the evidence is insufficient to support his convictions.   After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

Phyllis Aluko, District Public Defender; Ross Sampsom (at trial) and Tony N. Brayton (on appeal), Assistant District Public Defenders, Memphis, Tennessee, for the appellant, Gregory Gilliam.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background and Facts**

This case arises from drugs discovered inside the Defendant's home during a search of the residence, which revealed the presence of cocaine, marijuana, drug paraphernalia, a .38 caliber revolver, and a large amount of cash.   A Shelby County grand jury indicted the Defendant for: possession of 26 grams of cocaine with intent to sell (Count 1); possession of 26 grams of cocaine with intent to deliver (Count 2); possession of a half-ounce of marijuana with intent to sell (Count 3); possession of a half-ounce of marijuana with intent

to deliver (Count 4); possession of a firearm during the commission of a dangerous felony (Count 5); possession of a firearm by a convicted felon (Aggravated assault) (Count 6); and possession of a firearm by a convicted felon (Felony drug offense) (Count 7). Count 6 was dismissed upon motion of the State prior to trial.

## A. Trial

The following evidence was presented at the Defendant's trial: Joseph Rhoades testified that he was employed by the Shelby County Sheriff's Department and assigned to the Drug Enforcement Administration ("DEA") Task Force. On March 2, 2016, he was a member of the narcotics team. As a part of the DEA Task Force, he executed a search warrant on the Defendant's residence. Officer Rhoades had been conducting surveillance on the Defendant's residence for approximately two weeks, and during that time he had observed multiple vehicles at the residence at different times of day. The vehicles' occupants would enter the residence and stay only briefly before leaving. There was also foot traffic at the residence from off the street. Based on his training and experience, Officer Rhoades believed this type of vehicle and foot traffic to be consistent with drug trafficking from a residence.

Describing the execution of the search warrant on the Defendant's residence, Officer Rhoades testified that he and the search warrant team entered the Defendant's residence, located at 718 Richmond, Memphis, Tennessee, through the back door, causing occupants of the home to start running out the front door. Officer Rhoades found the Defendant in a bedroom and took him into custody. The search warrant team conducted a search of the residence and collected evidence, which Officer Rhoades photographed and logged. Officer Rhoades identified photographs of the recovered evidence. The officer testified about the following items of evidenced recovered from inside the residence: (1) individually bagged packages of cocaine, which he testified in his experience indicated their use for distribution or sale, found in between two cushions in a sofa; (2) a digital scale; (3) a sandwich bag filled with ten individual bags of cocaine; (4) a prescription pill bottle, without its prescription label, containing marijuana, also found in the sofa; (5) a bag of cash totaling $2,700, hidden inside a boot in the master bedroom closet; and (6) a second bag of cash totaling $2,500, hidden inside a pair of pants in the master bedroom closet. Officer Rhoades also found a canister containing four bags of marijuana, as well as a Smith and Wesson .38 caliber revolver. Officer Rhoades searched the Defendant's person and found a $1 bill with cocaine residue on it. Officers also found a large nylon bag containing cocaine outside the house on the property near the back door.

Relevant to the Defendant being a resident at the home, Officer Rhoades found mail with the Defendant's name on it, as well as his social security card and a birth certificate, inside the residence. A child was present at the residence, and the Defendant's significant

other arrived to collect the minor.

After collecting the evidence from the residence, Officer Rhoades arranged for the Defendant to be transported to the sheriff's office for further questioning. Officer Rhoades clarified that he began interviewing the Defendant at the residence and then continued the interview at the sheriff's office. During the interview, the Defendant "claimed ownership" of all the contraband found inside and outside the house, including the weapon. The Defendant told Officer Rhoades that the cocaine weighed twenty-five grams and later, when corrected, agreed that it was actually fifty-five grams. Later in the interview, the Defendant stated that the weapon belonged to his brother. The Defendant stated that he had been selling narcotics and that a portion of the cash found in his residence was proceeds from drug sales. Officer Rhoades obtained the Defendant's consent to search his cell phone and recovered text messages that were, in his experience, indicative of drug transactions.

On cross-examination, Officer Rhoades identified the Defendant's "significant other" as Sharon Johnson. She "advised" the officer about where the Defendant kept drugs inside the residence. Ms. Johnson provided a statement to law enforcement and then left the scene with the child. Following the Defendant's arrest, he was released on bond and offered the choice of becoming a confidential informant for the sheriff's department in exchange for leniency.

Several more deputies employed by the Shelby County Sheriff's Department and assigned to the narcotics team testified to their roles in the execution of the search warrant on the Defendant's residence and processing the scene. They testified about recovering the items of evidence described by Officer Rhoades consistent with his account of the execution of the search warrant. A deputy testified that, following testing, the total weight of drugs recovered from the Defendant's residence was 123.7 grams of marijuana and 61.7 grams of cocaine.

Based on this evidence, the jury convicted the Defendant of possession of 26 grams or more of cocaine with intent to sell (Count 1); possession of 26 grams or more of cocaine with intent to deliver (Count 2); possession of a half-ounce or more of marijuana with intent to sell (Count 3); possession of a half-ounce or more of marijuana with intent to deliver (Count 4); and possession of a firearm by a convicted felon (Felony drug offense) (Count 5). The trial court imposed thirty-year sentences for each possession of cocaine conviction (Counts 1 and 2) and merged Count 2 into Count 1. The trial court imposed concurrent six-year sentences for each of the possession of marijuana convictions (Count 3 and 4) and merged Count 4 into Count 3. Finally, the trial court imposed a consecutive twelve-year sentence for the felon in possession of a weapon conviction, for an effective sentence of forty-two years to be served in the Tennessee Department of Correction. It is from these

judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the evidence is insufficient to support his convictions because the evidence failed to establish that he was in possession of the controlled substances or the weapon. He concedes that a bulk of the drugs and the weapon were found in his residence but contends that law enforcement did not witness him make a sale or deliver the drugs to anyone. He further argues that any of the contraband found outside his residence was not in his possession and could not have been in his "constructive possession." The State responds that the evidence presented provided both direct and circumstantial evidence of the Defendant's crimes and was sufficient to support his convictions beyond a reasonable doubt. We agree with the State.

When an accused challenges the sufficiency of the evidence, this court's standard of review is whether, after considering the evidence in the light most favorable to the State, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see* Tenn. R. App. P. 13(e); *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999) (citing *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990)). In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973). "The jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review [for sufficiency of the evidence] 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In determining the sufficiency of the evidence, this court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999) (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956)). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997). "A guilty verdict by the jury, approved by the trial judge, accredits the

testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523, 527 (Tenn. 1963)). This court must afford the State of Tennessee the "'strongest legitimate view of the evidence'" contained in the record, as well as "'all reasonable and legitimate inferences'" that may be drawn from the evidence. *Goodwin*, 143 S.W.3d at 775 (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000) (citations omitted). This standard is identical whether the conviction is predicated on direct or circumstantial evidence. *State v. Casper*, 297 S.W.3d 676, 683 (Tenn. 2009); *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977). In the absence of direct evidence, a criminal offense may be established entirely by circumstantial evidence. *State v Majors*, 318 S.W.3d 850, 857 (Tenn. 2010) (citing *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973); *Marable v. State*, 313 S.W.2d 451, 456-58 (1958)).

Tennessee Code Annotated section 39-17-417(a)(4) provides that it is an offense for a defendant to knowingly possess a controlled substance with intent to sell or deliver it. Cocaine and marijuana are controlled substances. T.C.A. § 39-17-408(b)(4) & § 39-17-415(a)(1) (2018). The statutory definition of delivery is: the actual, constructive, or attempted transfer from one person to another. *See* T.C.A. § 39-17-402(6) (2018). Unlawful possession of a firearm by a convicted felon occurs when any person who has previously been convicted of a felony crime involving the use or attempted use of violence or a felony drug offense subsequently possesses a firearm. T.C.A. § 39-17-1307(b)(1)(A), (B). "Possession" may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). Constructive possession requires proof that a person had "the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others." *Id.* (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). In essence, constructive possession is the ability to reduce an object to actual possession. *State v. Brown*, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995).

With regard to intent to sell or deliver drugs, our supreme court has stated that "intent can rarely be shown by direct proof and must, necessarily, be shown by circumstantial evidence." *Hall v. State*, 490 S.W.2d 495, 496 (Tenn. 1973). "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." T.C.A. § 39-17-419. "Other relevant facts," as relevant here, that can give rise to an inference of intent to sell or deliver include the absence or presence of drug paraphernalia, the presence of a large amount of cash, and the packaging of the drugs. *See, e.g., State v. Logan*, 973 S.W.2d 279, 281 (Tenn. Crim. App. 1998); *State v. Brown*, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995); *State v. Charles Benson*, No. M2003-02127-CCA-R3-CD, 2004 WL 2266801, at *8 (Tenn. Crim. App., at Nashville, Oct. 8, 2004) (finding that the absence of drug paraphernalia and testimony of value and amount of 3.3 grams of cocaine sufficient for the jury to infer the defendant's intent to sell and deliver it), *perm. app. denied* (Tenn. May 23, 2005); *State v. William Martin Frey*, No. M2003-01996-CCA-R3-CD, 2004 WL 2266799, at *8 (Tenn. Crim. App., at Nashville, Oct. 6, 2004) (holding that testimony of 1.8 grams of cocaine, a stack of cash, and absence of drug paraphernalia constituted circumstances from which jury could reasonably infer intent to sell), *perm. app. denied* (Tenn. Feb. 28, 2005).

The Defendant argues that he was arrested inside an apartment that shared a building with three other apartment units and that the only evidence linking him to the drugs were the statements of law enforcement officers. He contends that no evidence was presented that he exercised dominion or control over the contraband and that his "mere presence" in the area was not enough to constitute proof of possession. We disagree. The State presented evidence that the Defendant was arrested inside a residence that contained certified documents bearing his name, i.e., his social security card and birth certificate. The Defendant's son was present in the home with him. The Defendant's significant other came to retrieve her son and informed law enforcement officers where the Defendant kept his drugs in the home. Law enforcement found large amounts of drugs inside the residence, as well as outside of it, and a loaded weapon. The jury also heard testimony that the Defendant gave a statement to law enforcement claiming the drugs belonged to him. Based on this evidence, a jury could reasonably infer that the residence belonged to the Defendant or that he resided there and that the contents of the residence belonged to him. On this basis, there was sufficient evidence from which a rational juror could conclude that the Defendant had the power or intention to exercise control over, and was therefore in possession of, the contraband found inside the residence. The jury could also infer that, based on the amounts of drugs and cash found, as well as the drugs' packaging, the Defendant intended to sell or deliver drugs. Officer Rhoades testified that the Defendant admitted as much to him in an interview, a fact which the jury considered when

6

it returned its guilty verdicts. Accordingly, we conclude that the evidence is sufficient for a rational trier of fact to find the Defendant guilty beyond a reasonable doubt of possession of cocaine and marijuana with the intent to sell or deliver and of being a felon in possession of a weapon. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE

7